Elizabeth Seidlin-Bernstein
Noah Robbins (*pro hac vice* forthcoming)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.665.8500
seidline@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BOOMER X PUBLISHING, INC., DEAD GAME   :    Civil Action No.
PUBLISHING, SWIZZ BEATZ, DUTTY ROCK   :
MUSIC, and ME-BENISH MUSIC LLC,   :
                        Plaintiffs,   :
  :
  :    **COMPLAINT**
   v.                                       :
  :
  :
ELITE TUNER LLC and RANGER R. RAMIREZ,   :
  :
                        Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, by their undersigned attorneys, allege:

1.      Plaintiff Boomer X Publishing, Inc. has a principal place of business located at 60 East 42nd Street, Suite 1064, New York, New York 10165. Plaintiff Dead Game Publishing has a principal place of business located at 33 South Boadway, Yonkers, New York, 10701. Plaintiff Swizz Beatz has a principal place of business located at 11333 Moorpark Street, Suite 428, Studio City, California 91602. Plaintiff Dutty Rock has a principal place of business located at 424 Church Street, Suite 1200, Nashville, Tennessee 37219. Plaintiff Me-Benish Music, LLC has a principal place of business located at 111 West 57th Street, New York, New York 10019. On information and belief, Defendant Elite Tuner LLC has a principal place of business located

at 300 N. Crescent Blvd, Unit 18, Pennsauken, New Jersey 08110. On information and belief, Defendant Ranger R. Ramirez resides at 5010 Penn Street, Pennsauken, New Jersey 08109. This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and the venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.      Plaintiffs allege three (3) causes of action for copyright infringement based on Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.      The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, Defendant Elite Tuner, LLC ("ETL") is a limited liability company organized under the laws of New Jersey.

6.      At all times hereinafter mentioned ETL promotes, produces, manages and presents conventions, expositions, industrial shows, meetings and/or trade shows for public entertainment and amusement.

7.      Musical compositions were and are publicly performed as part of the entertainment regularly provided during all of the conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

2

8.      On information and belief, defendant Ranger R. Ramirez ("Ramirez" and, together with ETL, "Defendants") is an individual who resides and/or does business in this District.

9.      At all times hereinafter mentioned, Ramirez was, and still is, a member, owner, officer, and/or director of ETL.

10.     At all times hereinafter mentioned, Ramirez was, and still is responsible for the control, management, operation and/or maintenance of the affairs of ETL.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL, including the right and ability to supervise and control the public performance of musical compositions at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees

associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.    Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for ETL. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

16.    Defendants have refused all of ASCAP's license offers for ETL.

17.    ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18.    Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

19.    The many unauthorized performances at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL include the three copyrighted musical compositions upon which this action is based.

20.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21.    The original musical composition listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23.    Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24.    The public performances at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25.    In the undertaking conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26.    At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

27.    The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.    That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at conventions, expositions, industrial shows, meetings and/or trade shows presented by ETL, or in any place owned, controlled, managed, maintained, or operated by Defendants, and/or from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.    That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.    For such other and further relief as may be just and equitable.

Dated: June 16, 2026

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Elizabeth Seidlin-Bernstein*
Elizabeth Seidlin-Bernstein
Noah Robbins (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Fax: 215.864.8999
seidline@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Plaintiffs*